IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY D. VAUGHN,<br>           Petitioner<br><br>vs.<br><br>PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SEC. OF CORRECTIONS JEFFREY BEARD, Secretary, PA DOC; KENNETH CAMERON, Superintendent or Acting Superintendent of SCI Cresson,<br>           Respondents | Civil Action No. 08-184J<br>Judge Kim R. Gibson/<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended the habeas petition be dismissed pre-service for failing to state a claim cognizable under habeas.

II. REPORT

Harvey D. Vaughn ("Petitioner") is a state prisoner at SCI-Cresson. Petitioner filed what he captioned as an "Emergency Petition for A Writ of Habeas Corpus." However, rather than challenging his conviction or sentence, he challenged the conditions of his confinement, namely, that he is being denied adequate medical treatment. Specifically, Petitioner has sought to challenge the alleged actions of the Respondents in

> willfully and/or maliciously and/or negligently failing and refusing to provide this petitioner with timely and proper medical treatment immediately neccessary [sic] to provent [sic] permanent and severe additional damage to petitioner's skeleton, body and health and to relieve pain currently suffered by the petitioner unneccessarily [sic]. (Existing Back Injury and New Wrist injury).

> 5. Respondents are well aware that their contracted medical provider fails and refuses to provide petitioner and most prisoners at SCI Cresson with proper and required medical treatment. . . .
> 6. Petitioner is being denied needed medical treatment to relieve severe pain and periods of numbness and failure in his extremities which make petitioner susceptible to falling and/or serious injury or death and/or permanent disability. (Suffered wrist fracture).

Dkt. [1] at 2. By way of relief, Petitioner seeks an order directing "the Respondents to provide petitioner with all needed Medical Treatment and surgeries in timely and prompt manner. . . ." Id. Because a state prisoner's challenge to the conditions of his confinement is not cognizable in a habeas petition, the District Court should dismiss the habeas petition.

**Discussion**

The petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases,[1] this Court may dismiss the petition if it plainly appears on its face that the petitioner is not entitled to relief under habeas. The Court concludes that it plainly appears from the face of the petition that petitioner's claims are not cognizable in habeas.

Traditionally, a writ of habeas corpus sought to challenge the fact or length of

---

[1] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. Howard v. Haley, 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); Howard v. Certain Unnamed Aircraft Pilots, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4). See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . ."). Hence, it does not matter whether one characterizes this as a Section 2254 petition or a Section 2241 petition, the court has authority to dismiss it pre service under Rule 4.

confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). In contrast, if a prisoner sought to challenge the conditions of confinement, his remedy was by way of an action pursuant to 42 U.S.C. § 1983 if suing state actors, or pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) if suing federal actors. See Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). The Supreme Court has specifically left the question of whether the conditions of confinement may be challenged by way of habeas corpus. See Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979)("Thus, we leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."). The Court of Appeals for the Third Circuit does appear to have answered this question, indicating that "[t]raditionally, the writ of habeas corpus has functioned to test the legality of confinement rather than the manner in which the detention is administered. Thus habeas corpus is not a proper proceeding to investigate complaints by prisoners of mistreatment since such complaints do not attack the legality of the confinement." Long v. Parker, 390 F.2d 816, 818 (3d Cir. 1968).

More recently, several courts have drawn the line of demarcation between habeas and civil rights actions definitively and this court finds their reasoning persuasive. See, e.g., Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Piggie v. McBride, 13 Fed.Appx. 358 (7th Cir. 2001); Montgomery v. Anderson, 262 F.3d 641 (7th Cir. 2001); Boyce v. Ashcroft, 251 F.3d 911 (10th Cir. 2001), vacated as moot upon rehearing, 268 F.3d 953 (10th Cir. 2001); Harrison v. Ayers, No. C 00-3589, 2002 WL 102609 (N.D. Cal. Jan. 16, 2002). The line that has been

drawn by those courts is essentially as follows: where a prisoner's challenge, no matter how labeled, if successful, would have a necessary impact on the fact or duration of his judicially imposed sentence, then he must proceed by way of habeas, and if on the other hand, the challenge, if successful, would not have a necessary impact on the fact of duration of his judicially imposed sentence, then he cannot proceed by way of habeas but may proceed by way of civil rights. Carson v. Johnson, 112 F.3d at 820 ("We have adopted a simple bright line rule for resolving such questions. If a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release, the proper vehicle is a § 1983 suit.") (citations and internal quotations omitted); Moran v. Sondalle, 218 F.3d 647, 650-51 (7th Cir. 2000)("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices must seek habeas corpus, because they contest the fact or duration of custody. State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions. . . .")(citations omitted); Boyce v. Ashcroft, 251 F.3d at 914 (same).

It appears that the Court of Appeals for the Third Circuit, in a decision more recent than Long v. Parker, has touched upon this issue again in Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). In Leamer, a state prisoner sought to challenge by way of a civil rights action his placement on "Restricted Activities Program" (RAP) status. The District Court dismissed the case, holding that Leamer was in effect attacking the length of his sentence and thus was required to proceed via habeas. Id. at 537-538. In rejecting the District Court's holding, the Court of

Appeals held that because success in Leamer's suit would not necessarily shorten his sentence, he was not required to proceed by way of habeas. Id. at 542 ("Leamer could not have brought his claim as a habeas claim; he did not and could not seek earlier release based on the adjudication of his constitutional claims."); id. at 543 ("The operative test . . . . is whether a favorable determination of Leamer's challenge would *necessarily imply* that he would serve a shorter sentence"). In the course of the opinion, the Court of Appeals noted that although there are similarities between habeas and civil rights actions in that both "allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect." Id. at 540. The court went on to observe that "[t]here is only a narrow subset of actions that arguably might properly be brought as either, that is, where the deprivation of rights is such that it necessarily impacts the fact or length of detention. In a series of decisions, the Supreme Court has made it clear that for those cases, the narrower remedy, the habeas petition, is the only available avenue of relief." Id. In its reasoning the court characterized Leamer's challenge as a challenge to the conditions of his confinement. Id. at 543. Most pertinent to the present case, the Court of Appeals stated that

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, at 542. This Court acknowledges that the last sentence of the above quote does not say that **only** an action under § 1983 is appropriate and, therefore, a habeas action is **not** appropriate, nevertheless, a careful reading of the entire decision, suggests that this is precisely what the

5

Court of Appeals meant. See id. at 544, where the Court stated that

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; **it would not be properly brought under habeas at all**.

Id. at 544 (emphasis added). Taking this passage in context of the entire opinion, we read the Leamer decision as promoting the rule that where a claim does not necessarily challenge the fact or length of a judicially imposed sentence, then that challenge may not proceed by way of habeas.[2] In this way, Leamer merely reiterates the long standing rule of Long v. Parker.

---

[2] The court is aware that there is authority to the contrary. See, e.g., Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981)(permitting habeas petitions to challenge conditions of confinement). The court is also aware of statements that there appear to have been some areas of overlap covered by habeas and civil rights actions. See, e.g., Lee v. Winston, 717 F.2d 888, 892 (4th Cir. 1983)("Although there may ultimately be an area of limited substantive overlap between § 2254 habeas corpus and § 1983. . ."), aff'd on other grounds, 470 U.S. 753 (1985). However, with the advent of the Anti-terrorism and Effective Death Penalty Act (AEDPA) and the Prisoner Litigation Reform Act (PLRA) and the significant consequences attached by those laws to habeas petitions and civil rights actions, the question left open in Bell v. Wolfish must be answered, and it is now necessary to draw definitive lines between habeas and civil rights actions. See Walker v. O'Brien, 216 F.3d 626, 636-37 (7th Cir. 2000) ("courts have reviewed carefully the legislative history of both the PLRA and AEDPA and have concluded that it supports a clear line between civil actions attacking conditions of confinement (subject to the PLRA) and habeas corpus petitions attacking the fact or duration of confinement (subject to the rules governing habeas corpus)."), cert. denied sub nom., Hanks v. Finfrock 531 U.S. 1029 (2000). Thus, even though there is Supreme Court precedent permitting state prisoners to proceed by way of habeas to challenge the conditions of their confinement, see, e.g., Johnson v. Avery, 393 U.S. 483, 485-87 (1969) and Ex Parte Hull, 312 U.S. 546, 547-549 (1941), those cases were decided before AEDPA and the PLRA and the distinctions and consequences were not as significant as today. More importantly though, the Supreme Court itself suggested that the question is an open one for the Supreme Court in Bell v. Wolfish, notwithstanding Johnson v. Avery, and Ex parte Hull. Lastly, we find Leamer's reiteration of the Long v. Parker rule essentially settles the issue for this Circuit at least insofar as state prisoners are concerned. Cf. Miller v. Federal Bureau of Prisons, 147 Fed. Appx. 302, 304 n.2 (3d Cir. 2005)(holding that Section 2241 petition may properly be brought to challenge the execution of a federal prisoner's sentence).

Prior to the advent of AEDPA and the PLRA, this Court would simply have construed the present petition as filed pursuant to 42 U.S.C. § 1983, asserting a civil rights cause of action. However, post-AEDPA and post-PLRA, this course is no longer open to the court. See United States v. Miller, 197 F.3d 644 (3d Cir. 1999)(dealing with recharacterizing a pro se petition as being filed pursuant to 28 U.S.C. § 2255). Instead, the Court recommends dismissal of the habeas petition for making a claim which is not cognizable in habeas, albeit without prejudice to Plaintiff filing a civil rights action and paying the filing fee or seeking IFP status in order to pursue the civil rights action, provided he does so in a timely manner.[3]

---

[3] To the extent one is needed, a certificate of appealability should be denied. There would be some significance in deciding whether this petition is properly brought pursuant to Section 2254 or Section 2241 for purposes of appeal given that the Certificate of Appealability requirement generally does not apply to Section 2241 petitions but does to Section 2254 petitions. See, e.g., Jeffers v. Chandler, 253 F.3d 827, 830 (5th 2001); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) To the extent that Petitioner has filed this petition pursuant to Section 2241, no certificate of appealability is needed. To the extent that the petition would properly be considered a Section 2254 petition, it is recommended that a certificate of appealability be denied because reasonable jurists would not disagree with the court's procedural ruling that habeas is not available to petitioner. In either event, if Petitioner files a notice of appeal and the Court of Appeals determines that certificate of appealability is needed, that Court certainly has the discretion to treat the notice of appeal as a request for a certificate of appealability and act accordingly. See Slack v. McDaniel, 529 U.S. 473, 483 (2000)("as AEDPA applied, the Court of Appeals should have treated the notice of appeal as an application for a COA."); Szuchon v. Lehman 273 F.3d 299, 311 n.5 (3d Cir. 2001)("We, therefore, will view the District Court's certificate as a nullity given its nonconformity to § 2253(c)(3), and we construe Szuchon's timely filed notice of appeal as a request for this Court to issue a certificate of appealability. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001) 'Because Coady filed a timely notice of appeal, we construe this notice as a request for a certificate of appealability pursuant to Section 2253(c)(1) and Fed. R. App. Proc. 22(b).')"); Fed.R.App.P. 22(b) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). Alternatively, if the petitioner files a request for a certificate of appealability, but should have filed a notice of appeal, the Appeals Court has discretion to consider it as such. See, e.g., United States v. Spencer, 21 Fed.Appx. 803, 804 (10th Cir. 2001) ("We agree that Mr. Spencer's filing of his COA application constitutes a timely filing of a notice of appeal.")(citing, Rodgers v. Wyoming Att'y Gen., 205 F.3d 1201, 1205 (10th Cir. 2000) ("A document, such as an application for a ... certificate of appealability, is the functional equivalent

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed until September 8, 2008 to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

    Respectfully submitted,

    */s/ Amy Reynolds Hay*
    United States Magistrate Judge

Dated:    20 August, 2008

cc:    The Honorable Kim R. Gibson
     United States District Judge

     Harvey D. Vaughn
     FN-8974
     SCI Cresson
     P.O. Box A, Old Route 22
     Cresson, PA 16699

---

of a notice of appeal if it contains the three elements ... required by Rule 3(c)."), <u>overruled on other grounds as recognized by</u> <u>Moore v. Marr</u>, 254 F.3d 1235, 1239 (10th Cir. 2001)). In this case, there would be no problem with specification of issues in the COA as there is only one issue in the case, namely can habeas be used to challenge inadequate medical care.